[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12235
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-60110-RSR


PIERTUS ARISTYLD,

Plaintiff-Appellant,

versus

THE CITY OF LAUDERHILL,
a Florida municipal corporation,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 23, 2013)

Before DUBINA, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Piertus Aristyld, a Haitian, appeals the district court's grant of summary judgment to his former employer, the City of Lauderhill, in his suit alleging, among other things, employment discrimination on the basis of his national origin, and retaliatory termination following his discrimination complaints.[1]

## I.

The record on appeal shows that Aristyld began employment as a part-time Maintenance Worker for the City in 2006, applied for several full-time opportunities that were ultimately not filled, and received multiple complaints about the conditions in the bathrooms and park recreation areas he was required to clean. He made several complaints about the manner in which he was treated by his supervisors, while he also received verbal and written warnings about his conduct. Following these complaints and warnings, he was terminated in 2010.

Aristyld filed suit against the City in 2011, alleging discriminatory failure-to-promote and termination on the basis of his national origin and age, retaliatory harassment, and retaliatory termination. He raised his claims under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Florida Civil

---

[1] Aristyld does not expressly challenge, on appeal, the dismissal of his Florida Civil Rights Act claim, his retaliatory harassment claim, and his Age Discrimination in Employment Act claims for failure-to-promote and retaliatory termination. Accordingly he has abandoned those claims on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Rights Act.  The district court ultimately granted the City's motion for summary judgment on all counts in the complaint.

On appeal, Aristyld argues that the district court erred in granting summary judgment to the City on his national origin discrimination failure-to-promote claim, as it applied the wrong legal standard in finding that his claim failed for a lack of a comparator for the required disparate treatment analysis.  He contends, referencing Title VII, that he provided sufficient circumstantial evidence of discriminatory intent, and that he demonstrated that the City's purported reasons for terminating him were pretextual.  Aristyld also argues that the district court erred in granting summary judgment on his Title VII retaliatory termination claim, as he complained of national origin discrimination before the City finalized its decision to terminate him without any investigation into his complaint.  The City had a duty to conduct a reasonable investigation into the discrimination claims, and its failure to do so rendered it liable for the discrimination he suffered.

## II.

We review a district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable inferences in a light most favorable to the non-moving party.  *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005).  Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact, and the moving party is entitled to a

3

judgment as a matter of law." *Id.* (citing Fed.R.Civ.P. 56(c)).  Bare and self-serving allegations when the plaintiff has no personal knowledge are inadequate to carry the plaintiff's burden on summary judgment.  *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 851 (11th Cir. 2000).  Similarly, "[a] mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment."  *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004).

It is unlawful under Title VII for an employer to "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . national origin."  42 U.S.C. § 2000e-2(a).  The plaintiff bears the burden of proving unlawful discrimination at every stage of the proceeding.  *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002).  A plaintiff may establish discrimination through direct or circumstantial evidence.  *Id.* at 1272.  When direct evidence is unavailable, the plaintiff must submit circumstantial evidence sufficient to create a jury question.  *Id.*

We often evaluate Title VII summary judgment motions under the framework of *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973), and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089 (1981).  In order to establish a *prima facie* case for a discriminatory failure-

4

to-promote claim, the plaintiff may demonstrate that: (i) he belonged to a protected class; (ii) he was qualified for and applied for a position that the employer was seeking to fill; (iii) despite qualifications, he was rejected; and (iv) the position was filled with an individual outside the protected class. *See Vessels,* 408 F.3d at 768.

Similarly, where the plaintiff alleges a discriminatory discharge, the plaintiff may establish a *prima facie* case by showing that:  (1) he was a member of a protected class, (2) he was qualified for the job, (3) he suffered an adverse employment action, and (4) a similarly situated individual outside the protected class was treated more favorably.  *See Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997).  We require that the fourth prong be established with evidence of a comparator who is "similarly situated in all relevant respects" to the plaintiff. *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003) (internal quotation marks omitted).  To establish a comparator in the disciplinary context, the quantity and quality of a comparator's misconduct must be nearly identical to the plaintiff's misconduct.  *Maniccia v. Brown*, 171 F.3d 1364, 1368-69 (11th Cir. 1999).

If a plaintiff establishes a *prima facie* case under *McDonnell-Douglas*, and the employer articulates a legitimate, non-discriminatory reason for its actions, the plaintiff bears the burden of showing by a preponderance of the evidence that the stated reasons were pretextual and the true motivation was discriminatory.  *See St.*

5

*Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511, 113 S.Ct. 2742, 2749 (1993). We "evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (internal quotation marks omitted). If the proffered reason is one that might motivate a reasonable employer, the plaintiff must meet the proffered reason "head on and rebut it." *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*).

Moreover, we have stated that "the plaintiff's failure to produce a comparator does not necessarily doom the plaintiff's case." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). Regardless of the outcome of the *McDonnell-Douglas* analysis, "the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Id.* We will find a triable issue of fact exists if, viewed in a light most favorable to the plaintiff, the record presents "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Id.* (quoting *Silverman v. Bd. Of Educ.*, 637 F.3d 729, 734 (7th Cir. 2011)).

6

In this regard, a plaintiff can present evidence that the decision-maker made discriminatory remarks.  *See Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1362 (11th Cir. 1999) (holding that supervisor's statement that he wanted "aggressive, young men" like himself to be promoted was "highly suggestive circumstantial evidence" of age discrimination).  Such remarks are probative if they illustrate the decision-maker's state of mind at the time that he made the challenged employment decision.  *Id*. (discussing pretext).  On the other hand, stray remarks that are "isolated and unrelated to the challenged employment decision" are insufficient in this respect.  *See Rojas v. Florida*, 285 F.3d 1339, 1342–43 (11th Cir. 2002) (supervisor's statement that another employee did not deserve her job because she was a woman was not sufficient to show pretext).

As the district court correctly found below, Aristyld failed to establish a *prima facie* case of a discriminatory failure-to-promote on the basis of his national origin, because he failed to identify a similarly situated individual outside of his protected class who was treated more favorably.  Nor did Aristyld submit evidence sufficient to raise an inference of discrimination in this respect.  Similarly, Aristyld failed to establish a *prima facie* case of a discriminatory termination on the basis of his national originr because – unlike his failure-to-promote claim – he didn't even identify a similarly situated individual outside of his protected class he believed had been treated more favorably.  Therefore, we conclude that the district court

7

properly granted summary judgment to the City on Aristyld's claims of discriminatory failure-to-promote and discriminatory termination.

### III.

Title VII prohibits employers from retaliating against employees who have opposed unlawful practices, as defined in the statute, or participated in proceedings before agency officials related thereto. *See* 42 U.S.C. § 2000e-3. In order to establish a *prima facie* case of retaliation, a plaintiff may show: (1) he engaged in statutorily protected conduct; (2) he suffered a materially adverse action; and (3) there was a causal connection between the protected conduct and the adverse action. *Brungart v. Bellsouth Telecomms., Inc.*, 231 F.3d 791, 798 (11th Cir. 2000). To create a genuine issue of material fact as to the causation element of the *prima facie* case, a plaintiff must show that the decision-maker was aware of the protected conduct at the time of the materially adverse action. *Id.* at 799. "That requirement rests upon common sense. A decision maker cannot have been motivated to retaliate by something unknown to him." *Id.*

We recently recognized a cause of action for retaliatory harassment. *Gowski v. Peake*, 682 F.3d 1299, 1312 (11th Cir. 2012). In order to demonstrate such harassment, however, a plaintiff must show "that the actions of the defendant[ ] altered the condition of the workplace, creating an objectively abusive and hostile

atmosphere." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1521 (11th Cir. 1995).

We conclude from the record that the district court properly found that Aristyld failed to meet his burden to show that the City's stated non-discriminatory bases for his termination were pretextual. It also properly rejected Aristyld's retaliatory harassment claim. Even if not abandoned, there is no indication that the actions of the City – such as reprimands – or by individual officials – such as making isolated comments - rose to the level necessary to support this type of claim as a matter of law.

For the aforementioned reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**